Bryan J. Freedman, Esq. (SBN: 151990)
Jesse A. Kaplan, Esq. (SBN: 255059)
FREEDMAN + TAITELMAN, LLP
1801 Century Park West, 5th Floor
Los Angeles, California 90067
Telephone:  (310) 201-0005
Facsimile:   (310) 201-0045
E-mail: bfreedman@ftllp.com
E-mail: jkaplan@ftllp.com
E-mail: apugatch@ftllp.com

Attorneys for Plaintiff Beatdemons LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATDEMONS LLC, a Texas limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>TENTHOUSAND PROJECTS, LLC, a California limited liability company; DANIEL HERNANDEZ p/k/a "TEKASHI69" or "6IX9INE", an individual;  ANDREW GREEN, an individual; JAHNEI JULIAN CLARKE p/k/a "JAHNEI", an individual; CREATE MUSIC GROUP, INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; TEKASHI69 PUBLISHING INC., a New York corporation; and DOES 1 through 10,<br><br>　　　　　Defendants. | Case No.:<br><br>**COMPLAINT  FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiffs Beatdemons LLC ("Plaintiff") alleges claims against defendants TenThousand Projects, LLC, d/b/a 10k Projects, Daniel Hernandez (p/k/a "Tekashi69"), Andrew Green, Jahnei Julian Clarke (p/k/a "Jahnei"), Create Music Group, Inc., UMG Recordings, Inc., and Tekashi69 Publishing Inc. (collectively, the "GOOBA Defendants"), as follows:

## PARTIES

1. Plaintiff is a Texas limited liability company with its principal place of business in Austin, Texas.

2. Defendant Create Music Group, Inc. ("Create"), is a Delaware corporation with its principal place of business in Los Angeles, California. Create is a music distribution and publishing company that published released and distributed the infringing work "GOOBA" and released and distributed the album which contains the infringing work. Upon information and belief, Create conducts systematic and continuous business in California.

3. Defendant TenThousand Projects, LLC, d/b/a 10k Projects ("10k"), is a California limited liability company with its principal place of business in Los Angeles, California. 10k is a music distribution and publishing company that released and distributed the infringing work "GOOBA" and the album which contains the infringing work. Upon information and belief, 10k conducts systematic and continuous business in California.

4. Defendant UMG Recordings, Inc. ("Universal") is a Delaware corporation with its principal place of business in Santa Monica, California. Through its subsidiaries and/or affiliated entities, Universal released and distributed the infringing work "GOOBA" and/or the album which contains the infringing work. Upon information and belief, Universal conducts systematic and continuous business in California.

5. Defendant Daniel Hernandez, p/k/a "Tekashi69" or "6ix9ine", is a writer, composer, publisher and performer of the infringing work entitled

"GOOBA". Upon information and belief, Hernandez is a resident of the state of New York.

6. Defendant Andrew Green is a writer, composer, and publisher of the infringing work "GOOBA". Upon information and belief, Green is a resident of the state of New York.

7. Defendant Jahnei Julian Clarke, p/k/a "Jahnei", is a writer, composer, performer and publisher and performer of the infringing work "GOOBA". Plaintiff is not aware of defendant Clarke's residency.

8. Defendant Tekashi69 Publishing Inc. ("Tekashi69 Publishing") is a New York corporation with its principal place of business in Brooklyn, New York. Upon information and belief, Tekashi69 Publishing is defendant Hernandez' publishing company that released and distributed the infringing work "GOOBA" and the album which contains the infringing work.

9. The true names and capacities of defendants named herein as Does 1 through 10, inclusive are unknown to Plaintiff, and therefore, Plaintiff sues these defendants by such fictitious names. Plaintiff will seek leave of Court to amend this Complaint to show their true names and capacities when such information has been ascertained. Upon information and belief, Does 1 through 10, inclusive, were others that participated in, and were otherwise responsible for the acts and transactions alleged herein and are liable for the conduct alleged herein.

## JURISDICTION AND VENUE

10. The jurisdiction of this Court is based upon 28 U.S.C. §§1331 and 1338(a) in that the controversy arises under the Copyright Act of 1976 (17 U.S.C. 101 *et seq*.), which is within the exclusive jurisdiction of federal courts pursuant to 28 U.S.C. § 1331.

11. This Court has personal jurisdiction over the GOOBA Defendants because they may be found, and conduct systematic and continuous business in this Judicial District, intentionally direct activities to this Judicial District, and/or the

wrongful acts alleged in this Complaint occurred in this Judicial District.

12. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§1391 and 1400(a) because the GOOBA Defendants have committed unlawful acts of infringement in this Judicial District.

## FACTUAL BACKGROUND

13. This action for copyright infringement arises from the GOOBA Defendants' infringement of Plaintiff's copyright in the musical composition "Regular". The musical composition "Regular" has been registered in the United States Copyright Office, with Copyright Registration Number SRu001384629.

14. "Regular" was written, composed and recorded by Mark Hardin, Jr., and Christopher Gomez during or prior to 2016. Hardin and Gomez are music producers, recording artists and members of "Beatdemons", an Austin, Texas based platinum producer group. Hardin and Gomez published "Regular" in or around January 2018 on a number of platforms, including without limitation, YouTube, Beatstars.com, and the Beatdemons' own website. Prior to the GOOBA Defendants' infringement, a video of "Regular" received approximately 152,000 views.

15. In or around February 2021, Gomez and Hardin assigned and transferred all rights, title and interest in the "Regular" copyright to Plaintiff pursuant to a written transfer and assignment agreement, a true and correct copy of which is attached hereto as **Exhibit 1**.

16. Defendants are the writers, composers, producers, record labels, distributors and/or publishers of the infringing musical composition "GOOBA", the infringing sound recording of "GOOBA", and the music video and other products embodying the infringing musical composition and sound recording "GOOBA" (collectively, the "Infringing GOOBA Works"). Defendants all participated in the unlawful reproduction, distribution and exploitation of the Infringing GOOBA Works.

17. To write and record the song "GOOBA", defendants Hernandez, Green, and Clarke (the "GOOBA Producers") intentionally and unlawfully copied and assembled a number of distinctive and important elements from the musical composition "Regular".

18. "GOOBA" is so substantially similar to "Regular" that ordinary observers would accurately perceive that the two songs sound the same, which they do. "Regular" and "GOOBA" both contain substantially similar defining compositional elements, including without limitation, substantial similarities in melody, form, structure and function. The songs' substantial similarities reach the very essence of each work. The substantially similar compositional features between the two works is detailed fully in the attached preliminary expert report by musicologist Judith Finell, which is attached hereto as **Exhibit 2** and incorporated herein by reference. Moreover, for purposes of comparison, "Regular" is accessible at: www.youtube.com/watch?v= a2RdzpbUnrg, and "GOOBA" is accessible at: www.youtube.com/watch?v=pPw_izFr5PA.

19. The GOOBA Defendants released the single for "GOOBA" on or about May 8, 2020. "GOOBA" was the lead single from defendant Hernandez' album, "TattleTales", released on or about September 4, 2020. Defendants Create, 10k, Tekashi69 Publishing and UMG released, distributed, manufactured and/or marketed "GOOBA" and the album "TattleTales". "GOOBA" is a huge commercial hit and success. Upon information and belief, "GOOBA" was certified platinum by the Recording Industry Association of America June 19, 2020, indicating at least one million (1,000,000) units sold or streaming equivalents.

20. The GOOBA Defendants have, without authorization, created the work of "GOOBA" and reproduced, distributed, displayed, publicly performed and otherwise exploited the Infringing GOOBA Works, resulting in substantial revenue, profit and notoriety for the GOOBA Defendants. Hernandez performed and continues to perform "GOOBA" on the radio, at live concerts, at personal

appearances, in videos, on television and/or otherwise.

21. Upon information and belief, all GOOBA Defendants are responsible in some manner for the events described herein and are liable to Plaintiff for the damages it has incurred. The GOOBA Defendants are the writers, composers, performers, producers, record labels, distributors and/or publishers who were involved with the creation, release, reproduction, distribution, exploitation, licensing, and public performance of the Infringing GOOBA Works, embodied in all forms of media, including videos, digital downloads, streams, records, motion pictures and advertisements, all of which constitute, among other things, direct, vicarious, and contributory copyright infringement. As co-infringers, the GOOBA Defendants are jointly and severally liable for all amounts owed.

22. In approximately the spring/summer of 2020, defendants Hernandez, Green, Clarke, Create and 10k were given notice of the infringement on the musical composition "Regular". Despite notice, the GOOBA Defendants continue to infringe on the musical composition "Regular" by reproducing, displaying, distributing, exploiting, licensing, and publicly performing the Infringing GOOBA Works. "GOOBA" continues to be reproduced, sold, distributed, streamed, publicly performed, licensed and otherwise exploited on compact discs and albums, and as digital downloads, ringtones, and mastertones, in theatrical motion pictures, music videos and advertisements, all without payment to Plaintiff or any credit to Plaintiff.

## FIRST CAUSE OF ACTION
**(Direct, Contributory, and Vicarious Copyright Infringement of "Regular" As Against All Defendants)**

23. Plaintiff hereby incorporates by reference paragraphs 1 through 22 in form and substance as though fully set forth herein.

24. Plaintiff is the sole owners of the United States copyright in all rights, titles and interests in the musical composition "Regular". The musical composition

is properly registered with the United States Copyright Office.

25. The GOOBA Defendants' unauthorized reproduction, distribution, performance, display, and creation of "GOOBA" and the Infringing GOOBA Works infringes Plaintiff's exclusive rights in direct violation of the Copyright Act, 17 U.S.C. § 101, *et seq*.

26. Defendants did not seek or receive Plaintiff's permission or authorization, express or otherwise, to copy or interpolate any portion of "Regular" into "GOOBA" or any of the Infringing GOOBA Works.

27. The GOOBA Defendants' conduct has been at all relevant times been knowing, willful and with complete disregard for the rights of the Plaintiff, and also without regard for the damage sure to result from the infringement alleged herein.

28. As a direct and proximate cause of Defendants' infringement of "Regular", Plaintiff has suffered irreparable harm.

29. The Infringing GOOBA Works copy qualitatively and quantitatively essential, distinctive and recognizable elements and substantial portions of "Regular".

30. From the date of creation of the Infringing GOOBA Works, all of the GOOBA Defendants have infringed upon Plaintiff's copyright interests in "Regular" by: (a) substantially copying and publicly performing, or authorizing the copying and public performing of "Regular," including on radio, at live concerts, personal appearances, and on film, video, television, and otherwise; (b) authorizing the reproduction, distribution and/or sale of the records and digital download and streaming of "GOOBA" through the execution of licenses and/or actually selling, manufacturing, streaming, and/or distributing "GOOBA" through various sources; (c) substantially copying "Regular" in the marketing, promotion and sale of "GOOBA" in the form of records, videos, social media, concert tickets and other performances and merchandise, and; (d) participating in and furthering the

6
**COMPLAINT**

aforementioned infringing acts, and/or sharing in the proceeds therefrom, all through substantial use of "Regular" in and as part of the Infringing GOOBA Works, packaged in a variety of configurations and digital downloads, mixes, streams, and versions, and performed in a variety of manners including on radio, at concerts and personal appearances, and on film, television, and/or otherwise.

31. Plaintiff has received no credit for, and Plaintiff has received no compensation in and/or for any of the exploitations of "GOOBA" or the Infringing GOOBA Works.

32. The infringement alleged herein by Defendants has been and continues to be willful and knowing and in disregard of Plaintiff's rights.

33. With knowledge of the infringement, the GOOBA Defendants have induced, caused or materially contributed to the infringing conduct of others, such that they should be found to be contributorily liable.

34. The GOOBA Defendants had the right and ability to control other infringers and have derived a direct financial benefit from that infringement such that the GOOBA Defendants should be found to be vicariously liable.

35. The infringement is continuing as the album on which "GOOBA" appears, continues to be sold and the single "GOOBA" continues to be licensed for sale, downloads, ringtones, mastertones, motion pictures, and advertisements and other exploitations by the GOOBA Defendants, or their agents.

36. As a direct and proximate result of the conduct of the GOOBA Defendants, Plaintiff has suffered actual damages including lost revenue, lost opportunities, and loss of goodwill. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to damages, including the substantial profits of the GOOBA Defendants, as will be proven at trial. In the alternative, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to the maximum statutory damages of $150,000 per infringement.

37. The GOOBA Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully

compensated or measured in monetary terms. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting the reproduction, distribution, sale, performance or other use or exploitation of "GOOBA" and all Infringing GOOBA Works.

  WHEREFORE, Plaintiff prays for judgment in its favor and against all GOOBA Defendants and each of them, as follows:

  1. A permanent injunction requiring the GOOBA Defendants and their agents, servants, employees, officers, directors, managers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any one of them, to cease directly and indirectly infringing, and causing, enabling, facilitating, encouraging, promoting, inducing, and/or participating in the infringement of "Regular";

  2. An award of damages pursuant to 17 U.S.C. § 504(b), including actual damages, and the profits of the GOOBA Defendants as will be proven at trial, or in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for each act of infringement;

  3. An award of attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and under other applicable law;

  4. Pre-judgment and post-judgment interest; and

  5. Such other and further relief as the Court deems reasonable, necessary, proper and just.

Dated: March 8, 2021        FREEDMAN + TAITELMAN, LLP

                 By: /s/ Jesse A. Kaplan
                 Bryan J. Freedman
                 Jesse A. Kaplan
                 Attorneys for Plaintiff Beatdemons LLC

## DEMAND FOR JURY TRIAL

Pursuant to Fed R. Civ. Proc. 38 and U.S. Const. Amend. VII, Plaintiff hereby respectfully demands a trial by jury for all issues so triable in this action.

Dated: March 8, 2021                    FREEDMAN + TAITELMAN, LLP

By: /s/ Jesse A. Kaplan
Bryan J. Freedman
Jesse A. Kaplan
Attorneys for Plaintiff Beatdemons LLC